IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN CHRISTOPHER FELDMANN,

                                                                    ORDER
                          Petitioner,

                                                                    08-cv-240-bbc
              v.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Steven Christopher Feldmann, a patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin, has submitted a proposed complaint.  He requests leave to proceed in forma pauperis.  A decision on the request will be delayed until petitioner submits a trust fund account statement for the six-month period immediately preceding the filing of the complaint.

This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioner who are not subject to the 1996 Prison Litigation Reform Act.  See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999).  From a trust fund account statement for the six-month period immediately preceding the filing of the

1

complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% of the petitioner's average monthly balance.  Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee.  He will qualify for indigent status with respect to the remainder of the fee.  (The in forma pauperis statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees.  All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.)  Petitioner has not provided a trust fund account statement in support of his request for leave to proceed in forma pauperis.  He will have to do so if he intends to pursue his request.

Petitioner's complaint was submitted on April 22, 2008.  His trust fund account statement should cover the six-month period beginning approximately October 22, 2007 and ending approximately April 22, 2008.  Once petitioner has submitted the necessary statement, I will review it and advise him of any amount he will have to pay before the court can screen the merits of his complaint under § 1915(e)(2).


ORDER

IT IS ORDERED that petitioner may have until May 21, 2008, in which to submit a trust fund account statement for the period beginning approximately October 22, 2007 and ending approximately April 22, 2008.  If, by May 21, 2008, petitioner fails to respond

to this order, I will assume that he wishes to withdraw this action voluntarily and, in that case, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 30th day of April, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge