IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN CHRISTOPHER FELDMANN,

                                                                 ORDER

                Petitioner,

                                                 08-cv-240-bbc

    v.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Petitioner Steven Christopher Feldmann is a civilly committed patient at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. He asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit petitioner has given the court, I conclude that he is unable to prepay the full fee for filing this lawsuit. Nevertheless, petitioner's complaint must be screened pursuant to 28 U.S.C. § 1915(e)(2). In performing that screening, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, it must dismiss the complaint if, even under a liberal construction, it is legally frivolous or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such

1

relief. 42 U.S.C. § 1915(e).

I conclude that petitioner has failed to state any cognizable claim against respondent Equal Employment Opportunity Commission for which relief may be granted.

In his complaint, petitioner alleges the following facts.

ALLEGATIONS OF FACT

Petitioner Steven Christopher Feldmann is a patient civilly committed under Wis. Stat. Ch. 980 at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin. Respondent Equal Employment Opportunity Commission is a federal agency that has an office in Milwaukee, Wisconsin.

Petitioner has been a patient at Sand Ridge Secure Treatment Center since June 2005. Until February 18, 2007, he was paid the minimum wage for his work at the Center and before that at the Wisconsin Resource Center. On February 18, however, petitioner's wages were reduced to two dollars an hour in accordance with a memorandum provided by Sand Ridge director Steve Watters.

Petitioner believes that the wage reduction was based on his status as a Ch. 980 patient. He filed discrimination claims and labor law claims alleging as much with both the Department of Workforce Development, Equal Rights Division, and the Labor and Industry Review Commission, but his claims have all been dismissed. In June 2007, petitioner filed

2

a claim with respondent Equal Employment Opportunity Commission alleging that the institution's decision to reduce his wages violated labor law, the equal protection clause and minimum wage statutes. Respondent dismissed petitioner's claim.

## DISCUSSION

Petitioner is suing respondent for its failure to take appropriate action regarding his allegations that the Sand Ridge Secure Treatment Center's decision to pay petitioner less than the minimum wage was discriminatory and violated federal and state labor laws. The suit cannot go forward, however, because respondent's alleged failure to take appropriate action does not violate any of petitioner's rights or any laws. No law or constitutional provision requires respondent to rule in petitioner's favor regarding the claim he filed. Respondent addressed petitioner's allegations by dismissing his claim. Such a response does not violate any law. Petitioner's only recourse is to file a lawsuit against the person or persons responsible for the reduction in his wages. In this instance, however, he should be aware that I have held in a previous case filed by a Sand Ridge resident that the federal Fair Labor Standards Act, which governs payment of the minimum wage, does not apply to institutionalized persons like him. Weissenberger v. Watters, No. 07-C-415-C, 2007 WL 2298220, at *2 (W.D. Wis. Aug. 3, 2007).

3

ORDER

IT IS ORDERED that:

1. Petitioner Steven Christopher Feldmann's request for leave to proceed <u>in forma pauperis</u> is DENIED and this case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted;

2. The clerk of court is directed to close the file.

Entered this 2nd day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4